Helen F. Dalton & Associates, P.C.
Roman Avshalumov (RA 5508)
69-12 Austin Street
Forest Hills, NY 11375
Telephone: 718-263-9591

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
FABIAN OSORIO and MARVIN DIAZ, individually and on
behalf of all others similarly situated,

                                  Plaintiffs,       **COLLECTIVE ACTION COMPLAINT**

        -against-

                                                    **JURY TRIAL DEMANDED**

GLAMOUR NIGHT CLUB INC., PACIFIC STATION, INC. and
JORGE QUITO, as an individual,

                                  Defendants.
------------------------------------------------------------------------X

1. Plaintiffs, **FABIAN OSORIO and MARVIN DIAZ, individually and on behalf of all others similarly situated**, (hereinafter referred to as "Plaintiff"), by their attorneys at Helen F. Dalton & Associates, P.C., alleges, upon personal knowledge as to themselves and upon information and belief as to other matters, as follows:

### PRELIMINARY STATEMENT

2. Plaintiffs, **FABIAN OSORIO and MARVIN DIAZ, individually and on behalf of all others similarly situated**, through undersigned counsel, brings this action against **GLAMOUR NIGHT CLUB INC., PACIFIC STATION, INC. and JORGE QUITO, as an individual**, (hereinafter referred to as "Defendants"), to recover damages for egregious violations of state and federal wage and hour laws arising out of Plaintiffs' employment at GLAMOUR NIGHT CLUB INC., located at 114 North Main Street, Port Chester, New York 10573 and PACIFIC STATION, INC., 84 West Park Place, Stamford, Connecticut 06901.

3. As a result of the violations of Federal labor laws delineated below, Plaintiffs seek compensatory damages and liquidated damages in an amount exceeding $100,000.00.

Plaintiffs also seek interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over Plaintiffs' federal claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331.

5. Venue is proper in the SOUTHERN District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 & 2202.

## THE PARTIES

7. Plaintiff FABIAN OSORIO residing at 64-08 Hall Avenue, Maspeth, New York 11378, was employed by Defendants at GLAMOUR NIGHT CLUB INC. and PACIFIC STATON INC. from in or around March 2015 until in or around January 2016.

8. Plaintiff MARVIN DIAZ residing at 2148 Haviland Avenue, Bronx, New York 10472, was employed by Defendants at GLAMOUR NIGHT CLUB INC. and PACIFIC STATION INC. from in or around March 2015 until in or around January 2016.

9. Upon information and belief, Defendant, GLAMOUR NIGHT CLUB INC., is a corporation organized under the laws of New York with a principal executive office at 114 North Main Street, Port Chester, New York 10573.

10. Upon information and belief, Defendant, GLAMOUR NIGHT CLUB INC., is a corporation authorized to do business under the laws of New York.

11. Upon information and belief, Defendant JORGE QUITO owns and/or operates GLAMOUR NIGHT CLUB INC.

12. Upon information and belief, Defendant JORGE QUITO is the Chairman of the Board of GLAMOUR NIGHT CLUB INC.

13. Upon information and belief, Defendant JORGE QUITO is the Chief Executive Officer of GLAMOUR NIGHT CLUB INC.
14. Upon information and belief, Defendant JORGE QUITO is an agent of GLAMOUR NIGHT CLUB INC.
15. Upon information and belief, Defendant JORGE QUITO has power over personnel decisions at GLAMOUR NIGHT CLUB INC.
16. Upon information and belief, Defendant JORGE QUITO has power over payroll decisions at GLAMOUR NIGHT CLUB INC.
17. Defendant JORGE QUITO has the power to hire and fire employees at GLAMOUR NIGHT CLUB INC., establish and pay their wages, set their work schedule, and maintains their employment records.
18. Upon information and belief, Defendant, PACIFIC STATION INC., is a corporation organized under the laws of Connecticut with a principal executive office at 84 West Park Place, Stamford, Connecticut 06901.
19. Upon information and belief, Defendant, PACIFIC STATION INC., is a corporation authorized to do business under the laws of Connecticut.
20. Upon information and belief, Defendant JORGE QUITO owns and/or operates PACIFIC STATION INC.
21. Upon information and belief, Defendant JORGE QUITO is the Chairman of the Board of PACIFIC STATION INC.
22. Upon information and belief, Defendant JORGE QUITO is the Chief Executive Officer of PACIFIC STATION INC.
23. Upon information and belief, Defendant JORGE QUITO is an agent of PACIFIC STATION INC.
24. Upon information and belief, Defendant JORGE QUITO has power over personnel decisions at PACIFIC STATION INC.
25. Upon information and belief, Defendant JORGE QUITO has power over payroll decisions at PACIFIC STATION INC.
26. Defendant JORGE QUITO has the power to hire and fire employees at PACIFIC STATION INC., establish and pay their wages, set their work schedule, and maintains their employment records.

27. During all relevant times herein, Defendant JORGE QUITO was Plaintiffs' employer within the meaning of the FLSA.

28. On information and belief, GLAMOUR NIGHT CLUB INC. is, at present and has been at all times relevant to the allegation in the complaint, an enterprise engaged in interstate commerce within the meaning of the FLSA in that the entity (i) has had employees engaged in commerce or in the production of goods for commerce, and handle, sell or otherwise work on goods or material that have been moved in or produced for commerce by any person: and (ii) has had an annual gross volume of sales of not less than $500,000.00.

29. On information and belief, PACIFIC STATION INC. is, at present and has been at all times relevant to the allegation in the complaint, an enterprise engaged in interstate commerce within the meaning of the FLSA in that the entity (i) has had employees engaged in commerce or in the production of goods for commerce, and handle, sell or otherwise work on goods or material that have been moved in or produced for commerce by any person: and (ii) has had an annual gross volume of sales of not less than $500,000.00.

## FACTUAL ALLEGATIONS

30. Plaintiff FABIAN OSORIO was employed by Defendants at GLAMOUR NIGHT CLUB INC. and PACIFIC STATION INC. from in or around March 2015 until in or around January 2016.

31. During Plaintiff FABIAN OSORIO'S employment by Defendants at GLAMOUR NIGHT CLUB INC., Plaintiff's primary duties were as a dishwasher, barback, cleaner, cook and waiter, and performing other miscellaneous duties from in or around March 2015 until in or around January 2016.

32. Plaintiff FABIAN OSORIO was paid by Defendants approximately $600.00 per week from in our around March 2015 until in or around January 2016.

33. Plaintiff FABIAN OSORIO worked approximately ninety-two (92) hours per week at GLAMOUR NIGHT CLUB INC. from in or around March 2015 until in or around January 2016.

34. Although Plaintiff FABIAN OSORIO worked approximately ninety-two (92) or more per week from in or around March 2015 until in or around January 2016, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA.

35. Plaintiff MARVIN DIAZ was employed by Defendants at GLAMOUR NIGHT CLUB INC. and PACIFIC STATION INC. from in or around March 2015 until in or around January 2016.

36. During Plaintiff MARVIN DIAZ'S employment by Defendants at GLAMOUR NIGHT CLUB INC., Plaintiff's primary duties were as a cook and cleaner, and performing other miscellaneous duties from in or around March 2015 until in or around January 2016.

37. Plaintiff MARVIN DIAZ was paid by Defendants approximately $600.00 per week from in our around March 2015 until in or around January 2016.

38. Plaintiff MARVIN DIAZ worked approximately eighty-four (84) hours per week at GLAMOUR NIGHT CLUB INC. from in or around March 2015 until in or around January 2016.

39. Although Plaintiff MARVIN DIAZ worked approximately eighty-four (84) or more per week from in or around March 2015 until in or around January 2016, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA.

40. Defendants failed to pay Plaintiff MARVIN DIAZ for his last two weeks of employment.

41. Upon information and belief, Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of their employment as required by the FLSA.

42. Upon information and belief, Defendants willfully failed to keep accurate payroll records as required by the FLSA.

43. As a result of these violations of FLSA, Plaintiffs seek compensatory damages and liquidated damages in an amount exceeding $100,000.00. Plaintiff also seeks interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## COLLECTIVE ACTION ALLEGATIONS

44. Plaintiff bring this action on behalf of himself and other employees similarly situated as authorized under the FLSA, 29 U.S.C. § 216(b). The employees similarly situated are the collective class.

45. Collective Class: All persons who are or have been employed by the Defendants as dishwashers, bar backs, cleaners, cooks, waiters, or other similarly titled personnel with substantially similar job requirements and pay provisions, who were performing the same sort of functions for Defendants, other than the executive and management positions, who have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay required minimum and overtime wage compensation.

46. Upon information and belief, Defendants employed approximately 20 to 25 employees within the relevant time period who were subjected to similar payment structures.

47. Upon information and belief, Defendants suffered and permitted Plaintiffs and the Collective Class to work more than forty hours per week without appropriate overtime compensation.

48. Defendants' unlawful conduct has been widespread, repeated, and consistent.

49. Upon information and belief, Defendants had knowledge that Plaintiff and the Collective Class performed work requiring overtime pay.

50. Defendants' conduct as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiffs and the Collective Class.

51. Defendants are liable under the FLSA for failing to properly compensate Plaintiffs and the Collective Class, and as such, notice should be sent to the Collective Class. There are numerous similarly situated current and former employees of Defendants who have been denied overtime pay in violation of the FLSA, who would benefit from the issuance of a Court-supervised notice of the present lawsuit, and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

52. The questions of law and fact common to the putative class predominate over any questions affecting only individual members.
53. The claims of Plaintiffs are typical of the claims of the putative class.
54. Plaintiffs and their counsel will fairly and adequately protect the interests of the putative class.
55. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy.

## FIRST CAUSE OF ACTION
### Overtime Wages Under The Fair Labor Standards Act

56. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.
57. Plaintiffs have consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).
58. At all times relevant to this action, Plaintiffs were engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).
59. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).
60. Defendants willfully failed to pay Plaintiffs overtime wages for hours worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5) times the regular wage, to which Plaintiffs were entitled under 29 U.S.C. §§206(a) in violation of 29 U.S.C. §207(a)(1).
61. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good effort to comply with the FLSA with respect to the compensation of the Plaintiffs.
62. Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## SECOND CAUSE OF ACTION

### Unpaid Wages Under The Fair Labor Standards Act

63. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.
64. Defendants willfully failed to pay Plaintiffs' wages for hours worked in violation of 29 U.S.C. §206(a).
65. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good effort to comply with the FLSA with respect to compensating the Plaintiffs.
66. Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).
67. with costs and attorneys' fees.

## PRAYER FOR RELIEF

**Wherefore**, Plaintiffs respectfully request that judgment be granted:

    a. Declaring Defendants' conduct complained herein to be in violation of the Plaintiffs' rights under the FLSA, and its regulations;

    b. Awarding Plaintiffs unpaid overtime wages and unpaid wages;

    c. Awarding Plaintiffs liquidated damages pursuant to 29 U.S.C. §216;

    d. Awarding Plaintiffs prejudgment and post-judgment interest;

    e. Awarding Plaintiffs the costs of this action together with reasonable attorneys' fees; and

    f. Awarding such and further relief as this court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by the complaint.

Dated: This 20th day of April 2018.

_/s/ Roman Avshalumov_

Roman Avshalumov, Esq. (RA 5508)
Helen F. Dalton & Associates, PC
69-12 Austin Street
Forest Hills, NY 11375
Telephone: 718-263-9591
Fax: 718-263-9598

9

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FABIAN OSORIO and MARVIN DIAZ, individually and on behalf of all others similarly situated,

Plaintiffs,

-against-

GLAMOUR NIGHT CLUB INC., PACIFIC STATION INC. and JORGE QUITO, as an individual,

Defendants.

## SUMMONS & COMPLAINT

HELEN F. DALTON & ASSOCIATES, P.C.
Attorneys for Plaintiffs
69-12 Austin Street
Forest Hills, NY 11375
Phone (718) 263-9591
Fax (718) 263-9598

**TO:**
**GLAMOUR NIGHT CLUB INC.**
**114 NORTH MAIN STREET**
**PORT CHESTER, NEW YORK 10573**

**PACIFIC STATION INC.**
**114 NORTH MAIN STREET**
**PORT CHESTER, NEW YORK 10573**

**JORGE QUITO**
**114 NORTH MAIN STREET**
**PORT CHESTER, NEW YORK 10573**